FILED
2011 May-10  PM 02:53
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | | |
|---|---|---|
| JANET R. DEES, | ] | |
| | ] | |
| Plaintiff, | ] | |
| | ] | |
| vs. | ] | 5:10-CV-0892-LSC |
| | ] | |
| MICHAEL J. ASTRUE, | ] | |
| Commissioner, | ] | |
| Social Security Administration, | ] | |
| | ] | |
| Defendant. | ] | |

MEMORANDUM OF OPINION

I.    Introduction.

Plaintiff, Janet R. Dees, appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for supplemental security income ("SSI"), Disability Insurance Benefits ("DIB"), and period of disability.  Ms. Dees timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

Ms. Dees was forty years old at the time of the Administrative Law

Judge's ("ALJ's") decision, and she has at least an eighth grade education.[1]

(Tr. at 277.)  Her past work experience includes employment as a cashier,

garment presser, and line loader.  *Id.* at 20.  Ms. Dees claims that she

became disabled on January 1, 2006, due to a back pain disorder, chronic

obstructive pulmonary disease ("COPD"), irritable bowel syndrome ("IBS"),

and post traumatic stress disorder ("PTSD").  *Id.* at 16.

When evaluating the disability of individuals over the age of eighteen,

the regulations prescribe a five-step sequential evaluation process.  *See* 20

C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278

(11th Cir. 2001).  The first step requires a determination of whether the

claimant is "doing substantial gainful activity."   20 C.F.R. §§

404.1520(a)(4)(i), 416.920(a)(4)(i).  If he or she is, the claimant is not

disabled and the evaluation stops.  *Id.*  If he or she is not, the Commissioner

next considers the effect of all of the physical and mental impairments

combined.   20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).   These

---

[1]Due to Plaintiff's inconsistent reports of her education level, the record is unclear whether she has an eighth (Tr. at 76), ninth (*Id.* at 280), or tenth grade education (*Id.* at 176).

impairments must be severe and must meet the durational requirements before a claimant will be found to be disabled. *Id*.  The decision depends on the medical evidence in the record.  *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971).  If the claimant's impairments are not severe, the analysis stops. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Otherwise, the analysis continues to step three, which is a determination of whether the claimant's impairments meet or equal the severity of an impairment listed in 20 C.F.R. pt. 404, subpt. P, Appendix 1.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the claimant's impairments fall within this category, he or she will be found disabled without further consideration.  (*Id.*)  If they do not, a determination on the claimant's residual functional capacity ("RFC") will be made and the analysis proceeds to the fourth step.  20 C.F.R. §§ 404.1520(e), 416.920(e).

The fourth step requires a determination of whether the claimant's impairments prevent him or her from returning to past relevant work.  20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the claimant can still do his or her past relevant work, the claimant is not disabled and the

evaluation stops.  *Id.*  If the claimant cannot do past relevant work, then the analysis proceeds to the fifth step.  *Id.*  Step five requires the court to consider the claimant's RFC, as well as the claimant's age, education, and past work experience in order to determine if he or she can do other work. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).  If the claimant can do other work, the claimant is not disabled.  *Id.*

Applying the sequential evaluation process, the ALJ found that Ms. Dees met the non-disability requirements for a period of disability and DIB and was insured through the date of his decision.  (Tr. at 16.)  The ALJ further determined that Ms. Dees had not engaged in substantial gainful activity since the alleged onset of her disability.  *Id.* at 16.  According to the ALJ, Plaintiff's back pain disorder, COPD, IBS, and PTSD are considered a "severe" combination of impairments.  *Id.* at 16.  However, the ALJ found that these impairments neither met nor medically equaled any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  *Id.* at 16.  The ALJ did not find Ms. Dees' allegations to be totally credible.  *Id.* at 18.  The ALJ then determined that Ms. Dees has the residual functional capacity to

perform a limited range of light work, standing and walking for 4 hours each in an 8 hour workday and sitting for 8 hours in an 8 hour workday.  She can lift 15 pounds occasionally and 5 pounds frequently.  She would have no limitations in pushing and pulling with her arms, but should limit pushing and pulling with her legs to only frequent activity.  She would have no limitations in handling, fingering, feeling, talking, and hearing, but should only occasionally perform activities including stooping, kneeling, crouching, and crawling.  She should never perform activities which include climbing or balancing.  She can occasionally work in areas of extreme heat or cold and in areas of wetness and humidity or vibration.   She can also occasionally work in proximity to moving mechanical parts and in activities requiring driving automotive equipment.  She should not work in high exposed places and should not work in areas with exposure to fumes, noxious odors, dusts, mists, gases, or poor ventilation due to her history of COPD.  Mentally, she would have moderate or less restrictions in each and every area related to her ability to cope with the mental demands of the workplace.  She can understand, remember, and perform simple tasks, attending and concentrating for at least two hour periods with all customary breaks.   A flexible schedule would be preferred due to the possibility of missing one day a month.   A well spaced environment with a few familiar co-workers to minimize stress would also be beneficial.  Interaction with the public should be casual or non-intensive and supervisory feedback should be non-confrontational and supportive.  Any changes in the workplace and settings should be gradually and infrequently presented.  She can manage day to day goals without any assistance.

*Id*. at 17.

The ALJ stated that Plaintiff "retains the ability to perform a limited range of work activity at the light level of exertion."  *Id*. at 20 The ALJ then

turned to the testimony of the Vocational Expert ("VE").   Using this testimony, the ALJ determined that, even though Plaintiff cannot perform the full range of light work, Plaintiff "is capable of performing past relevant work as a cashier and line loader." *Id*. at 20.   The ALJ also testified that there were additional jobs in the national economy that Plaintiff is capable of performing, such as ticket seller, information clerk, and deli worker. *Id*. at 21.   The ALJ concluded his findings by stating that Plaintiff "has not been under a disability, as defined in the Social Security Act, from January 1, 2006 through the date of this decision . . . ." *Id*. at 21.

II.     Standard of Review.

The Court's role in reviewing claims brought under the Social Security Act is a narrow one.   The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied. *See Richardson v. Perales*, 402 U.S. 389, 390, 401 (1971); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).   The Court approaches the factual findings of the Commissioner with deference, but applies close scrutiny to the legal conclusions. *See Miles v. Chater*, 84 F.3d

1397, 1400 (11th Cir. 1996).   The Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner. *Id.* "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'" *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).   Indeed, even if this Court finds that the evidence preponderates against the Commissioner's decision, the Court must affirm if the decision is supported by substantial evidence.   *Miles*, 84 F.3d at 1400.   No decision is automatic, however, for "despite this deferential standard [for review of claims] it is imperative that the Court scrutinize the record in its entirety to determine the reasonableness of the decision reached."   *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987).   Moreover, failure to apply the correct legal standards is grounds for reversal.   *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

III.   Discussion.

Ms. Dees alleges that the ALJ's decision should be reversed and remanded for two reasons.  (Doc. 8.)  First, Plaintiff argues that the ALJ failed to properly consider Plaintiff's claim under the Eleventh Circuit pain standard.  *Id.* at 9.  Second, Plaintiff contends that the ALJ failed to afford proper weight to the medical opinion of her treating physician, Dr. Kouns. *Id.* at 12.

A.    Eleventh Circuit Pain Standard Was Properly Applied.

Plaintiff argues that the ALJ failed to properly consider Plaintiff's claim under the Eleventh Circuit pain standard.[2]  (*Id.* at 9.)  In order to establish disability based upon pain and other subjective symptoms, "[t]he pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain."  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citing *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.

---

[2]Plaintiff's brief (Doc. 8) argues only that the ALJ failed to apply the pain standard properly with regard to Plaintiff's back pain.  *Id.* at 10-11.

1991)).

The ALJ is permitted to discredit Claimant's subjective testimony of pain and other symptoms if he articulates explicit and adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002); *see also* Soc. Sec. Rul. 96-7p, 1996 WL 374186 (1996) ("[T]he adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements.")  Although the Eleventh Circuit does not require explicit findings as to credibility, "'the implication must be obvious to the reviewing court.'" *Dyer*, 395 F.3d at 1210 (quoting *Foote v. Chater*, 67 F.3d 1553, 1562).  In *Dyer*, the Eleventh Circuit held that the ALJ properly applied the *Holt* standard when he considered the claimant's daily activities, frequency of his symptoms, and the types and dosages of his medications, to conclude that the claimant's subjective complaints were inconsistent with the medical record.  (*Dyer*, 395 F.3d at 1212.)  "[P]articular phrases or formulations" do not have to be cited in an ALJ's credibility determination, but it cannot be a "broad rejection which is not enough to enable [this Court] to conclude that [the ALJ] considered

her medical condition as a whole." *Id. Dyer*, 395 F.3d at 1211 (quoting *Foote*, 67 F.3d at 1561) (internal quotations omitted).

In the instant case, the ALJ found that Plaintiff's "medically determinable impairments could reasonably be expected to produce the alleged symptoms." (Tr. at 18.)  However, he further determined that Plaintiff's statements "concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the [RFC] assessment . . . ." *Id*. at 18.  In making this determination, the ALJ considered Plaintiff's testimony and treatment records from the Good Samaritan Health Clinic, as well as the opinions of Dr. Crouch, consultative physician, and Dr. Kouns, Plaintiff's treating physician. *Id*. at 18-20.

Plaintiff testified that she is in constant pain due to herniated discs in her lower back and cervical area. *Id*. at 18.  Plaintiff reports this pain at 5-6/10 that spikes to 10/10 at least twice a week.  *Id*. at 18. Plaintiff also reports that she experiences numbness through her hips and legs that creates a danger of falling.  *Id*. at 18.  However, Plaintiff indicates that she is able to walk a 1/4 of a mile and stand for 1 hour.  *Id*. at 18.  Furthermore,

Plaintiff completes many daily activities such as: cooking, washing and putting away clothes, shopping, dusting, and taking her dogs outside. *Id*. at 18. These activities are inconsistent with Plaintiff's allegations of constant, severe pain.

Additionally, while Plaintiff claims her back pain is constant, her examinations with Good Samaritan[3], Dr. Crouch, and Dr. Kouns[4] were typically unremarkable. On many occasions, her attending physicians observed her to be in no acute distress. *Id*. at 166, 197, 199, 222. Though both Dr. Crouch and Dr. Kouns diagnosed Plaintiff with disc herniation in the lower portion of her back, Plaintiff still retained much of her physical abilities. In October 2006, Dr. Crouch found Plaintiff able to ambulate without assistance, heel and toe walk, squat fully and rise without assistance, and get on and off the examination table by herself. *Id*. at 20.

A further examination by Dr. Crouch, in February 2008, failed to reveal

---

[3]The ALJ used the initial MRI from the Good Samaritan Health Clinic (revealing Plaintiff's bulging discs) in his determination; however, because the majority of Plaintiff's visits to Good Samaritan were not for back pain, most of the ALJ's discussion focused on the opinions of Dr. Crouch, Dr. Kouns, and Plaintiff's testimony.

[4]See pages 12-15 for further discussion on the medical opinion of Dr. Kouns.

that Plaintiff had any significant limitations. *Id.* at 20.  Dr. Crouch did note tenderness over Plaintiff's lower lumbar paraspinous muscles and the sacroiliac joints; however, her straight leg raising test was negative for radicular pain bilaterally and she was again able to heel and toe walk, as well as squat and rise without assistance.  *Id.* at 20.  Also, Plaintiff complained of back pain with straight leg raising on the left, and some range of motion limitations were cited; however, Plaintiff ambulated with a normal gait and station.  *Id.* at 20.

Plaintiff's testimony regarding her pain was not consistent with the medical record of the whole or her testimony regarding her daily activities. Therefore, the ALJ properly discredited Plaintiff's subjective testimony of pain and other symptoms and he articulated adequate reasons for doing so. *Wilson v. Barnhart*, 284 F.3d at 1225.

B.    Proper Weight Was Given To Physician Testimony.

Plaintiff asserts that the ALJ erred because he did not afford proper weight to the opinion of her treating physician, Dr. Kouns.  (Doc. 8 at 12.) In determining disability, a treating physician's opinion is to be given "substantial or considerable weight unless 'good cause' is shown to the

contrary." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1159 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997) (internal quotations omitted)).  The weight to be afforded a medical opinion concerning the nature and severity of a claimant's impairments depends upon several factors: the examining and treating relationship between the medical source and the claimant, the supporting evidence presented by the medical source, the consistency of the opinion with the record as a whole, and the specialty of the medical source.  *See* 20 C.F.R. §§ 404.1527(d), 416.927(d).  If a physician's opinion is not supported by the evidence, or if the opinion is not consistent with the doctor's own records, there is cause to discount the opinion.  *Crawford*, 363 F.3d at 1159; *Phillips v. Barnhart*, 357 F.3d 1232, 1240-41 (11th Cir. 2004).

The ALJ stated in his decision that he gave "little weight" to the opinion of Plaintiff's treating physician.  (Tr. at 20.)  This Court agrees with that weighting.  Dr. Kouns's opinion is inconsistent and unsupported by the record as a whole.

Dr. Kouns treated Plaintiff for complaints of back pain[5] for just over one year, dating June 2006 - November 2007.  (Tr. at 159-62, 216-17.)  In June 2006, Dr. Kouns received Plaintiff's first complaint of back pain. During this visit and others, Dr. Kouns was unable to refer Plaintiff to a specialist or perform an MRI because Plaintiff could not afford the services. *Id.* at 160-62.  Also, during Plaintiff's last visit with Dr. Kouns, he simply noted that she had the continued pain.  *Id.* at 216.  Furthermore, there is nothing on record that suggests Dr. Kouns performed any functional examinations of Plaintiff.  Despite this, in December 2007, Dr. Kouns wrote a letter specifically for Plaintiff's disability hearing.  In the letter he stated that Plaintiff's "condition is permanent and expected to progressively worsen."  *Id.* at 220.  He made these statements by relying on an MRI done more than 2 years prior and without performing any diagnostic tests.  *Id.* at 159-62, 216-20.

Also, in his letter, Dr. Kouns states that Plaintiff's limitations are "(1) no bending at the waist, (2) no lifting of any objects over three pounds,

---

[5]Plaintiff's brief argues only that Dr. Kouns's opinion regarding Plaintiff's back pain was not given the proper weight.

[and] (3) no standing or walking over five minutes . . . ." *Id.* at 220.  These assertions are inconsistent with Plaintiff's testimony and the record as a whole.[6]  Again, nothing in the record suggests that Dr. Kouns performed examinations to support his assertions regarding Plaintiff's functional limitations.  Also,  Plaintiff testified that she is able to walk 1/4 of a mile and stand for 1 hour.  *Id.* at 18.  Moreover, Plaintiff testified that she completes many daily activities which require bending at the waist (i.e. washing and putting away clothes, shopping, dusting, cooking).  *Id.* at 18.

Dr. Kouns's opinion that Plaintiff has "chronic severe pain which renders her unable to work" is inconsistent with other medical evidence of the record and it is unsupported by the record as a whole.  Therefore, the ALJ was within his discretion to discount the opinion of Dr. Kouns.

IV.   Conclusion.

An ALJ's decision must be affirmed where, as here, it is supported by substantial evidence in the record as a whole.  *See Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The Court finds that the ALJ applied the Eleventh Circuit pain standard properly and afforded appropriate weight to

[6]See discussion of Dr. Crouch's opinion at pages 11-12.

the opinion of Plaintiff's treating physician.

Because the Court finds that the Commissioner's final decision applies the proper legal standards and is supported by substantial evidence, the decision of the Commissioner will be affirmed by separate order.

Done this 10th day of May 2011.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE
153671